


**FILED**

JUN X 5 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| CALVIN LEE GRAY, a.k.a. DUSTIN LEE WHITEHEAD, and JOANN HELMS, a.k.a. JOANN LOSH, | ) ) ) ) ) ) **4:24CR275-JAR/NCC** |
| Defendants. | ) ) |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1. Capital One Financial Corporation, Regions Bank, JPMorgan Chase Bank, N.A., PNC Bank, and American Express Company, the deposits of which are insured by the Federal Deposit Insurance Corporation, are and were financial institutions within the meaning of Title 18, United States Code, Sections 20 and 1344.

## COUNT I
## Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349)

2. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

3. Beginning no later than in or around August 2022, and continuing through at least in or around April 2024, in the Eastern District of Missouri and elsewhere, the defendants,

**CALVIN LEE GRAY**
**and**
**JOANN HELMS,**

and others known and unknown to the Grand Jury, voluntarily and intentionally conspired, combined, and agreed to commit the following offense against the United States: knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain money or property in the custody and control of a financial institution, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

### Object of the Conspiracy

4. The object of the conspiracy was to steal banking account information from victims, including by canceling victims' legitimate credit and debit cards and having those cards reissued to CALVIN LEE GRAY ("GRAY") and JOANN HELMS ("HELMS") for fraudulent use; and, to fraudulently present the unlawfully obtained bank account information to banks and retailers for purposes of obtaining money under the custody and control of financial institutions.

### Manner and Means of the Scheme and the Conspiracy

5. The manner and means of the scheme and conspiracy to commit bank fraud were as follows:

6. GRAY repeatedly impersonated victims, including but not limited to G.L., W.W., A.S., C.G., J.S., and W.C., who were customers of financial institutions including Capital One Financial Corporation, Regions Bank, JPMorgan Chase Bank, N.A., PNC Bank, and American Express Company.

7. Posing as his victims, GRAY affiliated his own phone number and address with his victims' accounts. GRAY then canceled debit and credit cards issued to his victims by financial

institutions (including those previously listed) and ordered replacement cards sent to his own address, or addresses at which he was staying and/or could monitor and control.

8. GRAY fraudulently altered the mailing address listed on numerous compromised accounts to HELMS's residential mailing address, or a mailing address otherwise monitored by HELMS, on Pratt Street in De Soto, Missouri, in the Eastern District of Missouri. As a result of GRAY's alteration of the accounts' mailing addresses, correspondence from the victims' financial institutions, including account statements, credit and/or debit cards, and other sensitive financial items, were sent to GRAY and HELMS instead of to the victims whose accounts GRAY compromised.

9. GRAY also fraudulently altered the mailing address listed on numerous accounts to an address on Mahon Drive in Columbia, Missouri, in the Western District of Missouri, where GRAY does presently reside (or has in the past resided).

10. GRAY thereby took over victims' accounts at financial institutions.

11. GRAY and HELMS used the stolen accounts to make fraudulent purchases and transfer funds to other accounts under their control.

12. In particular, GRAY made numerous fraudulent purchases from retailers such as West Elm, Southwest Airlines, and Neiman Marcus using stolen accounts. GRAY also attempted numerous cash advances and ATM withdrawals using victims' financial information.

13. GRAY also submitted fraudulent applications for new financial accounts in his victims' names.

14. For example, on or about December 11, 2023, GRAY fraudulently opened a JPMorgan Chase, N.A., checking account, ending in 9114, in the name of victim G.L., and ordered for himself a debit card linked to the newly-opened account. GRAY linked the account to the

3

Pratt Street address at which HELMS resides or did reside (or was otherwise under her control). GRAY then funded the account via wire transfers and check deposits from other victims' bank accounts.

15. Without G.L.'s knowledge or authorization, GRAY then made ATM withdrawals from the fraudulently opened account ending in 9114 via a debit card issued in G.L.'s name, including the following withdrawals, none of which had been authorized by victim G.L.:

| Date | Location | Withdrawal Amount |
|---|---|---|
| December 30, 2023 | Las Vegas, NV | $300 |
| January 30, 2024 | St. Louis, MO | $500 |
| January 30, 2024 | St. Louis, MO | $300 |
| January 30, 2024 | St. Charles, MO | $200 |
| February 1, 2024 | Leawood, KS | $380 |
| February 1, 2024 | Leawood, KS | $100 |

16. GRAY also used the fraudulently established account ending in 9114 to transfer funds to other accounts controlled by him and/or HELMS through the money transfer program Zelle. On various dates in January 2024, approximately twelve such transactions were attempted or completed, transferring funds to an account controlled by HELMS in amounts ranging from $125.00 to $500.00.

17. HELMS also made unauthorized cash withdrawals using debit cards belonging to victims. On or about December 17, 2023, in De Soto, Missouri, in the Eastern District of Missouri, HELMS attempted or completed three fraudulent ATM withdrawals using a debit card belonging to victims G.L. and W.W. These three withdrawals were in the amount of $500, $700, and $203, respectively.

18. The total fraud caused or attempted by GRAY and HELMS is in excess of $300,00.00.

4

## COUNT II
### Fraud in Connection with Identification Documents (18 U.S.C. § 1028(a)(1))

19. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

20. On or about July 13, 2023, in the Western District of Missouri, the defendant,

**CALVIN LEE GRAY,**

did knowingly and without lawful authority produce a false identification document, to wit, a Minnesota driver's license in the name of J.S., and the production of the false identification document was in or affected interstate commerce, including the transfer of the document by electronic means.

All in violation of Title 18, United States Code, Section 1028(a)(1), (b)(1)(A)(ii), and (c)(3)(A).

## COUNT III
### Aggravated Identity Theft (18 U.S.C. § 1028A)

21. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

22. On or about July 13, 2023, in the Western District of Missouri, the defendant,

**CALVIN LEE GRAY,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and driver's license number of victim J.S., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, 18 U.S.C. § 1028(a)(1) as set forth in Count II herein, and a violation of 18 U.S.C. § 1349 as set forth in Count I herein, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT IV
## Fraud in Connection with Identification Documents (18 U.S.C. § 1028(a)(1))

23. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

24. On or about April 26, 2024, in the Western District of Missouri, the defendant,

**CALVIN LEE GRAY,**

did knowingly and without lawful authority produce a false identification document, to wit, a Missouri driver's license in the name of W.C., and the production of the false identification document was in or affected interstate commerce, including the transfer of the document by electronic means.

All in violation of Title 18, United States Code, Section 1028(a)(1), (b)(1)(A)(ii), and (c)(3)(A).

## COUNT V
## Aggravated Identity Theft (18 U.S.C. § 1028A)

25. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

26. On or about April 26, 2024, in the Western District of Missouri, the defendant,

**CALVIN LEE GRAY,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and address of victim W.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, a violation of 18 U.S.C. § 1028(a)(1) as set forth in Count IV herein, and a violation of 18 U.S.C. § 1349 as set forth in Count I herein, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

6

## COUNT VI
### Fraud in Connection with Access Devices (18 U.S.C. § 1029(a)(2))

27. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

28. On separate occasions on or about December 30, 2023, January 30, 2024, and February 1, 2024, in the Eastern District of Missouri and elsewhere, the defendant,

**CALVIN LEE GRAY,**

did knowingly and with intent to defraud use one or more unauthorized access devices, and by such conduct obtained cash totaling over $1,000, and the offense affected interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT VII
### Fraud in Connection with Access Devices (18 U.S.C. § 1029(a)(2))

29. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

30. On or about December 17, 2023, in the Eastern District of Missouri, the defendant,

**JOANN HELMS,**

did knowingly and with intent to defraud use one or more unauthorized access devices, and by such conduct obtained cash totaling over $1,000, and the offense affected interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT VIII
### Aggravated Identity Theft (18 U.S.C. § 1028A)

31. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

32. On or about December 17, 2023, in the Eastern District of Missouri, the defendant,

**JOANN HELMS,**

did knowingly possess and transfer, without lawful authority, a means of identification of another person, to wit, the electronic identification number issued by PNC Bank to victims G.L. and W.W., and the name of victim G.L. and/or W.W., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, a violation of 18 U.S.C. § 1029(a)(2) as set forth in Count VII herein, and a violation of 18 U.S.C. § 1349 as set forth in Count I herein, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and (a)(2)(B), upon conviction of a conspiracy to commit an offense in violation of Title 18, United States Code, Section 1344, as set forth in Count I, and upon conviction of an offense in violation of Title 18, United States Code, Sections 1028 and 1029, as set forth in Counts II, IV, VI, and VII, or, the Defendant(s) shall forfeit to the United States any property constituting, or derived from, proceeds the Defendant(s) obtained, directly or indirectly, as a result of such violation(s). . Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

2. Pursuant to Title 18, United States Code, Sections 1028(b) and 1029(c)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Sections 1028 and 1029, as set forth in Counts II, IV, VI, and VII, the Defendant(s) shall forfeit to the United States any personal property used or intended to be used to commit said offense(s).

3. If any of the property described above, as a result of any act or omission of the Defendant(s):

      a.    cannot be located upon the exercise of due diligence;
      b.    has been transferred or sold to, or deposited with, a third party;
      c.    has been placed beyond the jurisdiction of the court;
      d.    has been substantially diminished in value; or
      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                    A TRUE BILL.

                                      _____
                                      FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
CORT A. VANOSTRAN, #67276MO
Assistant United States Attorney